# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2026

Lyle W. Cayce
Clerk

————————

No. 25-60536
Summary Calendar

————————

Roger Edgardo Hernandez-Ramirez; Derek Adonai Hernandez-Vazquez,

*Petitioners*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A201 713 336,
A201 713 337

———————————————————————————

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Roger Edgardo Hernandez-Ramirez and his minor son, Derek Adonai Hernandez-Vazquez, petition for review of a decision by the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60536

Hernandez-Ramirez's application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Hernandez-Ramirez claimed that he was and would be persecuted based on his political opinion and membership in a particular social group (PSG).

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). Because the BIA affirmed without opinion, the IJ's decision is the proper focus of our review. *See Lopez-Perez v. Garland*, 35 F.4th 953, 956 (5th Cir. 2022). We review the agency's factual determination that an individual is not eligible for asylum, withholding of removal, or CAT protection under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Hernandez-Ramirez does not challenge the denial of his asylum and withholding of removal claims that were based on his political opinion and has therefore abandoned any such argument. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Hernandez-Ramirez has not shown that the evidence compels the conclusion that he was targeted on account of his membership in his proposed PSGs. *See Chen*, 470 F.3d at 1134. His failure to show the requisite nexus is dispositive of his asylum and withholding of removal claims, *see Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019), and we need not consider his remaining arguments concerning these forms of relief, *see Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693-94 (5th Cir. 2023).

Additionally, Hernandez-Ramirez has not shown that the evidence compels a conclusion contrary to that of the agency on the issue of whether he established eligibility for CAT protection. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 229 (5th Cir. 2019); *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017); *Chen*, 470 F.3d at 1134. The petition for review is DENIED.